| | |
|---|---|
| Ryan L. McBride (SBN 032001) | Nicholas Barthel, Esq. (319105) |
| ryan@kazlg.com | nick@barthelbarthel.com |
| **Kazerouni Law Group, APC** | **BARTHEL & BARTHEL, APC** |
| 301 E. Bethany Home Road, Suite C-195 | 2173 Salk Ave., Ste. 250 |
| Phoenix, AZ 85012 | Carlsbad, CA 92008 |
| Telephone: (800) 400-6808 | Telephone: (760) 259-0033 |
| Facsimile: (800) 520-5523 | Facsimile: (760) 536-9010 |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY POWELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UHG I LLC,<br><br>Defendant. | Case No.: **'23 CV0086 DMS KSC**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CALIFORNIA'S UNFAIR COMPETITION LAW (CAL. BUS. PROF. C. §§ 17200,** *ET SEQ.***);**<br>2) **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692 ET. SEQ.**<br>3) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788,** *ET SEQ*<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. In enacting the Federal Fair Debt Collection Practices Act ("FDCPA"), Congress found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress also found that the "existing laws and procedures for redressing these injuries are inadequate to protect consumers," and that "abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce." 15 U.S.C. §1692(b), and (d).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. *See* Cal. Civ. Code §§ 1788.1 (a)-(b).

3. The plaintiff ZACHARY POWELL ("Plaintiff"), individually and on behalf of all other similarly situated, bring this class action against UHG I LLC (hereinafter referred to as "Defendant") for its harmful and unconscionable debt collection practices.

4. Defendant is a third-party debt buyer that purchases large numbers of debts and then mass files lawsuits against the alleged debtors. A portion of Defendant's total portfolio were charged off loans between consumers and payday lenders such as CashNetUSA. These loans have exorbitantly high and unconscionable

interest rates, in violation of consumer protection statutes.

5. Plaintiff brings this action on behalf of himself and all other consumers that are similarly situated for Defendant's violations of (i) Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA"); (ii) Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.*; and (iii) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL").

6. Under these statutes, Plaintiff seeks disgorgement of ill-gotten profits, actual damages, statutory damages, punitive damages, injunctive relief, and attorney's fees and costs.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiffs' Counsel, which Plaintiff alleges on personal knowledge.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1693; and 28 U.S.C. § 1367 for supplemental State claims.

10. Defendant has sufficient minimum contacts with California and have otherwise intentionally availed itself of the markets in California through the promotion, marketing, and sale of its products and services, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

//
//
//

11. Venue is proper in this District under 28 U.S.C. §1391(b)(2) and (3) because: (i) a substantial part of the events or omissions giving rise to these claims occurred in this District; (ii) Defendant is subject to the Court's personal jurisdiction with respect to this action because Defendant conducts business in this judicial district; and (iii) Plaintiff resides in this judicial district.

## PARTIES

12. Plaintiff and those similarly situated, are and at all times mentioned herein were, individual citizens and residents of the United States of America or the State of California.

13. Plaintiff is, and all times mentioned herein was, an individual citizen and resident of the County of San Diego, State of California. Additionally, at all times mentioned herein was, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

14. Defendant UHG I, LLC is a New York Corporation with its Corporate headquarters located at: 6400 Sheridan Dr., Suite 138, Williamsville, NY 14221.

15. At all times relevant to this complaint, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5) and a "consumer debt" as defined by Cal. Civ. Code §§ 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and California Civil Code §§ 1788.2(c).

16. Defendant's primary business is operating as a third-party debt collector.

## GENERAL ALLEGATIONS

17. A payday loan is a type of short-term, high-cost loan that is typically used to cover unexpected expenses or to bridge the gap between paychecks. The loan is typically due on the borrower's next payday, hence the name. Payday loans are also known as cash advance loans, check advance loans, or post-dated check

1  loans.

2  18. The interest rate for a payday loan is often much higher than for other types of
3      loans, and can range from around 300% to 600% APR (Annual Percentage Rate).
4      This means that if you borrow $100 for two weeks, it can cost you between $15
5      to $30. So vast majority of these loans become essentially "interest only" loans
6      and/or subject to default and additional penalties.

7  19. Defendant is a high-volume debt buyer that purchases charged off payday loans
8      that have been inflated by their unconscionable interest. Once purchased,
9      Defendant mass files these cases in court against consumers in order to attempt
10     to collect on these unconscionable loans.

11 20. The typical California consumer is unlikely to be aware that such high Annual
12     Percentage Rate ("APR") are prohibited by California law. In *De La Torre v.*
13     *CashCall, Inc.*, 5 Cal. 5th 966, 973, 236 Cal. Rptr. 3d 353, 357, 422 P.3d 1004
14     (2018), the California Supreme Court clarified that APR can be unconscionable,
15     just like any other term in a contract.

16                          **PLAINTIFF'S EXPERIENCE**

17 21. In 2018, Plaintiff moved to San Diego from Kansas. At the time Plaintiff had just
18     began a new job and was not making much at the time. Desperate for money to
19     bridge the gap while he got on his feet, Plaintiff ended up applying for a payday
20     loan with CashNetUSA.

21 22. On or about September 13, 2018, CashNetUSA offered Plaintiff a loan of $3,500
22     at an APR of 128.4% on a take-it-or-leave-it basis. Needing the money, Plaintiff
23     took the loan. Over the lifetime of the loan, Plaintiff would be paying $6,358.11,
24     such that the total amount Plaintiff would have to payback was $9,858.11.

25 23. After making several payments, unfortunately Plaintiff fell behind on his loan
26     payments and from there the loan began to balloon at a rapid pace. By the time
27     the loan eventually charged off it had grown to $5,671.62.

28

24. Defendant bought the debt sometime after Plaintiff defaulted on the debt.

25. On May 19, 2021, Defendant filed a lawsuit against Plaintiff in order to collect the outstanding balance of the debt, which had ballooned up to $5,671.62 due to the unconscionable APR interest associated with the underlying debt.

26. This case is still active as of the filing of this complaint.

27. By bringing lawsuits and trying to collect on debts resulting from payday loans exceeding 90%, Defendant is attempting to collect on unconscionable debts in violation of the law.

28. Plaintiff and other consumers similarly situated would not know that the terms of the contract are unconscionable and thus Defendant is forbidden from attempting to collect on these unconscionable debts.

## CLASS ACTION ALLEGATIONS

29. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Plaintiff and the members of the Class have all suffered an injury in fact as a result of the Defendant's unlawful conduct.

31. Plaintiff bring this lawsuit on behalf of themselves and other similarly situated individuals under Rule 23(b)(1), 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedures.

32. Subject to additional information obtained through further investigation and/or discovery, the proposed California class ("California Class") consists of:

> All persons in the State of California from whom Defendant has attempted to collect a loan with an annual percentage rate (APR) exceeding 90 percent in the four years preceding the filing of this complaint.

**A.** *Ascertainability*. The members of the Class are readily ascertainable from Defendant's records of loans it has purchased and collected on during each

respective class period, and the specific terms and parties identified therein.

B. *Numerosity*. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff are informed and believes, and on that basis alleges, that Defendant purchases hundreds, if not thousands, of debts from payday lenders, which it then files across California.

C. *Existence and Predominance of Common Questions of Law and Fact*. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class Members. All members of the Class have been subject to the same conduct and their claims are based on the widespread dissemination of the unlawful, deceptive, and pernicious conduct by Defendant. The common legal and factual questions include, but are not limited to, the following:

  i. the nature, scope, and operations of the wrongful practices of Defendant;
  ii. whether Defendant engaged in a course of unfair, unlawful, fraudulent, and/or pernicious conduct in its debt collection practices.
  iii. whether Defendant knew or should have known that its business practices were unfair, and/or unlawful;
  iv. whether Defendant's debts' comprised of interest obtained from unconscionable loans that were so high that they were unreasonable and/or violated California law, public policy and/or the FDCPA.
  v. whether Defendant harmed Plaintiff and the Class; and
  vi. whether Defendant was unjustly enriched by its unlawful and unfair business practices;
  vii. whether Defendant was attempting to collect an amounts not authorized by law from Plaintiff and the Class.

D. *Typicality*. Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of each Class that Plaintiff seeks to

1   represent. Plaintiff, like members of the proposed Class, was contacted by
2   Defendant in an attempt to collect a debt that stemmed from an
3   unconscionable and void contract.

4   E.  *Adequacy of Representation*.  Plaintiff will fairly and adequately protect the
5       interests of the members of the Class.  Plaintiff has retained counsel
6       experienced in consumer protection law, including class actions.  Plaintiff
7       has no adverse or antagonistic interests to those of the Class, and will fairly
8       and adequately protect the interests of the Class.  Plaintiff's attorneys are
9       aware of no interests adverse or antagonistic to those of Plaintiff and the
10      proposed Class.

11  F.  *Superiority*.  A class action is superior to all other available means for the
12      fair and efficient adjudication of this controversy.  Individualized litigation
13      would create the danger of inconsistent and/or contradictory judgments
14      arising from the same set of facts.  Individualized litigation would also
15      increase the delay and expense to all parties and the courts and the issues
16      raised by this action.  The damages or other financial detriment suffered by
17      individual Class Members may be relatively small compared to the burden
18      and expense that would be entailed by individual litigation of the claims
19      against the Defendant.  The injury suffered by each individual member of the
20      proposed class is relatively small in comparison to the burden and expense
21      of individual prosecution of the complex and extensive litigation necessitated
22      by Defendant's conduct.  It would be virtually impossible for members of the
23      proposed Class to individually redress effectively the wrongs to them.  Even
24      if the members of the proposed Class could afford such litigation, the Court
25      system could not.  Individualized litigation increases the delay and expense
26      to all parties, and to the court system, presented by the complex legal and
27      factual issues of the case.  By contrast, the class action device presents far
28

fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

33. Unless the Class is certified, Defendant will continue its unlawful, unfair, and predatory practices as described herein. If the Class is certified, the harms to the public and the Class can be easily prevented or rectified.

34. Furthermore, Defendant has acted or refused to act on grounds that are generally applicable to the Class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed R. Civ. P. 23(b)(2).

## COUNT I
## FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.
## (ON BEHALF OF PLAINTIFF AND THE CLASS)

35. Plaintiff realleges and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff and Defendant are each "person(s)" as that term is defined by Cal. Bus. & Prof. C. § 17201. Cal. Bus & Prof. C. § 17204 authorizes a private right of action on both an individual and representative basis.

37. Cal. Bus. & Prof. C. § 17204, a provision of the Unfair Competition Law (B & P C §§ 17200–17209), confers standing to prosecute actions for relief not only on the public officials named therein, but on private individuals, i.e., "any person acting for the interests of itself, its members or the general public." Thus, a private Plaintiff who has suffered a financial injury may sue to obtain relief for others.

38. "Unfair competition" is defined by Bus. & Prof. Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or

practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

39. An "injunction" is "the primary form of relief available under the UCL to protect consumers from unfair business practices." *In re Tobacco II Cases*, 46 Cal.4th 298, 319 (2009); *see also*, *Clayworth v. Pfizer, Inc.*, 49 Cal.4th 758, 789 (2010) ("[i]f a party has standing under" the UCL, "it may seek injunctive relief").

### *"Unlawful" Prong*

40. California Business & Professions Code §17200 prohibits any "unlawful ... business act or practice." An unlawful business act or practice is an act or practice that is both undertaken pursuant to business activity and also forbidden by law.

41. Any business act or practice that is unlawful, in the sense that it violates a specific statute, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made, may be enjoined under the UCL.

42. The loans Defendant attempted to collect on violate Cal. Fin. C. § 22303, as they violate Cal. Civ. Code § 1670.5. *See De La Torre v. Cashcall Inc.*, No. S241434, 2018 Cal. LEXIS 5749, at *43 (Aug. 13, 2018).

43. By knowingly and intentionally buying and attempting to collect upon loans with unconscionable interest rates, Defendant has routinely engaged in unlawful business practices.

44. Because Defendant's business entailed violations of both Cal. Fin. C. § 22303 and/or Cal. C. § 1670.5, Defendant violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on consumers.

//

45. Furthermore, Defendant's attempts to collect on these unconscionable loans violated the RFDCPA and FDCPA as described above.

46. Thus, Defendant's conduct has violated the "unlawful" prong of California Business & Professions Code § 17200.

### *"Unfair" Prong*

47. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."

48. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

49. Here, as mentioned above, Defendant's filing of civil actions against consumers in order to attempt to collect unconscionable debts causes substantial injury to consumers as it forces them to retain counsel and most likely end up paying Defendant for loans that are void against public policy.

50. Defendant's actions have no countervailing benefits to consumers.

51. Furthermore, consumers could not have avoided Defendant's harm. As mentioned above, these are predatory loans that prey on vunerable low-income consumers. Furthermore, at the point that Defendant is collecting on these debts, the consumers have already entered into the debts and thus believe they have no option but to pay Defendant.

52. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### *"Fraudulent" Prong*

53. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to

deceive members of the public.

54. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

55. Here, Defendant files lawsuit and contacts consumers to collect on void debts. These collection attempts are misrepresentations to the consumer that the underlying debts are valid and enforceable.

56. However, as described in detail above, any of these debts exceeding an APR of 90% are unenforceable under California law.

57. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC §§ 1692
## (ON BEHALF OF PLAINTIFF AND THE CLASS)

58. Plaintiff reincorporates by reference all of the preceding paragraphs.

59. Plaintiff brings the second cause of action under the Federal Fair Debt Collection Practices Act ("FDCPA") 15 USC §§ 1692-1692p.

60. Plaintiff is a "consumer" as that term is defined by 15 USC § 1692a(3).

61. Defendant is a "debt collector" as that term is defined by 15 USC § 1692a(6).

62. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 USC § 1692a(5).

63. The act by Defendant of bringing a lawsuit and other collection activity was done for the purpose of coercing Plaintiff to pay a debt that was void and unenforceable under California law.

64. By collecting debts stemming from deceptive and unconscionable interest rates, Defendant has also made deceptive, or misleading representation or means in

connection with the collection of any debt, in violation of 15 U.S.C §§ 1692e and 1692e(10), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.

65. By collecting debts and filing legal actions on debts stemming from deceptive and unconscionable interest rates, Defendant has also made a false representation of the character, amount and legal status of the debt, in violation of 15 U.S.C § 1692e(2)(A), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.

66. By attempting to collect an amount not authorized by law, Defendant violated 15 U.S.C § 1692f(1), which is incorporated into the RFDCPA through Cal Civ. Code § 1788.17.

67. By collecting debts stemming from deceptive and unconscionable interest rates, Defendant has also violated 15 U.S.C § 1692f, which is incorporated into the RFDCPA through Cal Civ. Code § 1788.17.

68. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 15 USC § 1692k.

## COUNT III
## VIOLATION OF THE RFDCPA, CAL. CIV. CODE § 1788 ET SEQ ("ROSENTHAL ACT")
## (ON BEHALF OF PLAINTIFF AND THE CLASS)

69. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

70. The foregoing acts and omissions constitute a violation of the RFDCPA.

71. As a result of each and every violation of the RFDCPA, Plaintiff and the Class are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's

fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

- That this action be certified as a Class Action, Plaintiff be appointed as the representatives of the Class, and Plaintiffs' attorneys be appointed Class counsel;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;
- An order naming Plaintiff as class representative;
- An order naming Plaintiff's counsel as class counsel;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and, also, to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this

- court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- An injunction preliminarily and permanently enjoining Defendant from engaging in the unlawful practices stated herein, including to dismiss all current lawsuits involving debts based on a contract with an APR in excess of 90%;
- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;
- Prejudgment and post judgment interest;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294; and
- Awarding any and all other relief that this Court deems necessary or appropriate.

Dated: January 17, 2023                                                  Respectfully submitted,


                                                                         By: /s/ Ryan McBride
                                                                             Ryan L. McBride, Esq.
                                                                             Attorneys for Plaintiff