UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY POWELL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UHG I LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-cv-86-DMS-KSC<br><br>**ORDER ON JOINT MOTION TO STAY DISCOVERY [Doc. No. 27]** |

The parties' Joint Motion for Determination of Discovery Dispute Regarding Discovery Stay ("Joint Motion") is presently before the Court. Doc. No. 27. Defendant seeks a stay of discovery until the presiding District Judge rules on the pending Motion to Compel Arbitration [Doc. No. 21]. *Id.* at 4-10. Plaintiff opposes any stay. *Id.* at 10-14. As set forth in this Order, the request to stay discovery is **DENIED**.

This Court may issue a protective order, including as to a discovery stay, for good cause. *See* Fed. R. Civ. P. 26(c). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Skellerup Inds. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995)). Any party seeking such a stay carries a "heavy burden." *See Georgiou Fam. Trust v. Ruthen*, 2:21-cv-1060-JCM-DJA, 2022 U.S. Dist. LEXIS 11178, at *14 (D. Nev. Jan. 21, 2022). This Court may

nonetheless exercise its discretion to issue a protective order that stays discovery pending resolution of a dispositive motion when the motion would dispose of the entire case and no further discovery is needed to resolve the pending motion. *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). If either prong is not established, "discovery proceeds." *Id.*

At the same time, the *Pacific Lumber* test is framed permissively, because a court "may" use its discretion to issue a discovery stay if the two parts of the test are met. *Id.* Regardless of the outcome under *Pacific Lumber*, the Court must exercise its discretion by balancing the convenience of a stay against the risk of unfair prejudice to the party opposing a discovery stay. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013); *accord Masimo Corp. v. Apple, Inc.*, 2022 U.S. Dist. LEXIS 111724, at *4-5 (C.D. Cal. June 23, 2022); *Ahern Rentals, Inc. v. Mendenhall*, C20-00542-JCC, 2020 U.S. Dist. LEXIS 120948, at *3-4 (W.D. Wash. July 9, 2020). The Court generally considers the propriety of a discovery stay under the totality of the circumstances. *Universal Elecs.*, 943 F. Supp. 2d at 1031.

Before considering the various factors that support or negate the propriety of a discovery stay, the Court must first consider a sweeping, "jurisdictional" argument advanced by defendant. Specifically, defendant argues the Federal Arbitration Act ("FAA") deprives the Court of jurisdiction to do anything other than rule on a pending motion to compel arbitration and perhaps supervise discovery if, but only if, the discovery is related to the existence of an agreement to arbitrate. *See* Doc. No. 27 at 7 (citing *Simula, Inc. v. Autoliv, Inc.* 175 F.3d 716, 719-20, 726 (9th Cir. 1999)). This is a powerful argument because if the Court lacks jurisdiction to proceed on anything other than the motion to compel arbitration, a stay is virtually mandated. The Court will accordingly address defendant's citations to binding authority that supposedly support this position.

Defendant first claims "the court's jurisdiction is limited to making a determination about 'whether a written arbitration agreement exists, and if does, enforce it in accordance with its terms.'" *Id.* (quoting *Simula*, 175 F.3d at 719-20). But, as the Court will explain,

the Ninth Circuit was not addressing the issue of jurisdiction in *Simula*. In that case, Simula had sued a business competitor, Autoliv, asserting various state and federal claims. *See Simula*, 175 F.3d at 718-19. The District Court granted Autoliv's motion to compel arbitration, and Simula appealed. *Id.* at 719. On appeal, the Ninth Circuit reviewed the contract between the parties to determine if the issues alleged in Simula's complaint fell within the scope of the arbitration agreement at issue. *Id.*

Reproduced in full, the section of the opinion the defendant in this case has cited reads:

> The standard for demonstrating arbitrability is not high. The Supreme Court has held that the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. [Citation.] Such agreements are to be rigorously enforced. [Citation.] Under § 4 of the FAA, the district court must order arbitration if it is satisfied that the making of the agreement for arbitration is not in issue. Therefore, the district court can determine only whether a written arbitration agreement exists, and if it does, enforce it in accordance with its terms. [Citation.]

*See Simula*, 175 F.3d at 719-20. After stating that legal principle, the Circuit went on to interpret the arbitration agreement between the parties and determine the broadly worded arbitration agreement encompassed Simula's claims against Autoliv. *Id.* at 720-25. When *Simula* is read as a whole, rather than quoted in isolation and with added words about "jurisdiction," it is obvious the language on which defendant relies does not pertain to the issue of jurisdiction. Rather, it concerns how to interpret an arbitration agreement and determine whether a given dispute is arbitrable.[1] Defendant's argument exceeds the scope of the Circuit's holding in *Simula*, and this Court concludes that case simply does not stand for the proposition that filing a motion to compel arbitration limits this Court's jurisdiction.

---

[1]   In fact, the *only* place the term "jurisdiction" appears in the opinion is when the Ninth Circuit assured itself of its jurisdiction over the appeal. *See Simula*, 175 F.3d at 718.

Defendant also suggests discovery on the merits of a potentially arbitrable claim is "impermissible under the FAA while a motion to compel arbitration is pending." *See* Doc. No. 27 at 7 (citing *Simula*, 175 F.3d at 726). But the cited portion of the *Simula* decision does not address a situation where a party seeks a stay while a motion to compel arbitration is *pending*. Rather, the Ninth Circuit was analyzing the issue of requests for a stay made *after* a matter has been ordered to arbitration. *See Simula*, 175 F.3d at 726 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)); *see also* 28 U.S.C. § 3 (providing that a court may stay judicial proceedings after it has determined that a matter should be ordered to arbitration). Unlike a situation where a motion to compel arbitration has been granted, the Court is unaware of any statute which requires that discovery be stayed once a motion to compel arbitration is filed, nor has the defendant cited to any such authority. Accordingly, this Court concludes the filing of the Motion to Compel Arbitration does not, as defendant suggests, automatically divest the District Court of jurisdiction to take any action other than ruling on that Motion. The Court will, accordingly, address the merits.

This Court may exercise its discretion to stay discovery in this matter (or not) with due consideration of the guidance set forth in *Pacific Lumber* and *Universal Electrics*. The first prong of the *Pacific Lumber* test is whether the pending Motion to Compel Arbitration disposes of the entire case if resolved in favor of the moving party. *See Pac. Lumber Co.*, 220 F.R.D. at 352. Plaintiff does not even address this prong of the test, choosing instead to focus on perceived weaknesses in that Motion. *See* Doc. No. 27 at 12-15. This Court easily concludes the first prong of the test is met here because, if the pending Motion to Compel Arbitration is granted, this case will either be dismissed or stayed pending resolution of the arbitration proceedings.

The second prong of the *Pacific Lumber* test is whether further discovery is needed to rule on the pending dispositive Motion to Compel Arbitration. *See Pac. Lumber Co.*, 220 F.R.D. at 352. Neither party advances a compelling argument here, and the limited arguments asserted by both parties are conclusory. Plaintiff contends discovery is

"absolutely necessary" because plaintiff speculates Judge Sabraw will "order an evidentiary hearing before ruling on the" pending Motion to Compel Arbitration. Doc. No. 27 at 13. Plaintiff further argues such a hearing will be necessary to determine whether defendant "was even properly assigned the rights under the contract [containing the arbitration provision]" or "whether the contract is void." *Id.* Plaintiff suggests discovery has already been propounded that will be probative of this issue, and it also overlaps with merits discovery. *Id.*[2]

Defendant, in contrast, contends the pending Motion to Compel Arbitration can be "decided without additional discovery." *Id.* at 6. First, defendant suggests all disputes concerning the validity or enforceability of the contract "as a whole" have been delegated to the arbitrator under the arbitration agreement at issue. *Id.* Defendant construes plaintiff's argument that defendant cannot enforce the arbitration agreement because defendant was never properly assigned any rights under the contract as the kind of dispute delegated solely to the arbitrator; as opposed to a dispute or controversy about the validity, enforceability, coverage, or scope of the arbitration agreement itself (which will be decided by the District Court under the terms of the arbitration agreement at issue). *Id.*[3]

This Court will, for the sake of deciding this Joint Motion, assume without deciding that defendant's construction of the arbitration agreement is accurate. As the Court has already noted, under the FAA, the issue facing the District Court on the Motion to Compel

---

[2]   This argument is credible because plaintiff alleges causes of action arising from defendant's efforts to collect loans that it was never properly assigned the right to collect. *See, e.g.*, Doc. No. 20 ¶ 31.

[3]   The arbitration agreement distinguishes between the types of "Claim[s]" (as that term is defined in the agreement) that are subject to arbitration. *See* Doc. No. 21-2 at 12-13. "[T]he word 'Claim' does not include any dispute or controversy about the validity, enforceability, coverage or scope of th[e] Arbitration Provision . . . all such disputes or controversies are for a court and not an arbitrator to decide." *Id.* at 13. "However, any dispute or controversy that concerns the validity or enforceability of the Agreement as a whole is for the arbitrator, not a court, to decide." *Id.*

Arbitration is "whether an agreement to arbitrate exists." *See Simula*, 175 F.3d at 719-20. Likewise, under the FAA, questions about the "existence" of an agreement to arbitrate are not appropriately delegated to the arbitrator. *See Ahlstrom v. DHI Mortg. Co., L.P.*, 21 F.4th 631, 635 (9th Cir. 2021). Defendant's argument about the nature of the "dispute" here, however, is misleading because it conflates two distinct legal issues. The first issue, which is presently before the District Court, is "can defendant enforce this agreement to arbitrate?" Plaintiff's rebuttal argument, at least in part, can be summarized as "no, because defendant is not a party to the contract, there is no arbitration agreement at all between the parties, and I can prove it with some discovery." *See* Doc. No. 25 at 7-10. A wholly separate and distinct legal issue in this case is "was defendant in a position to lawfully collect on the debts allegedly owed by plaintiff?" But that is a question on the merits, and not yet ripe for adjudication. The confusion arises because the factual question of whether defendant was properly assigned the rights to the contract is *common to both legal issues*.

As applied in this case as to the issues currently before the Court, the proper assignment of the contract goes solely to the limited question of "do plaintiff and defendant have an agreement to arbitrate their disputes," which is a question ultimately for the District Court to resolve because it looks at the "existence" of the agreement to arbitrate. *See Ahlstrom*, 21 F.4th at 635; *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, 845 F.3d 979, 983 (9th Cir. 2017). Because this factual question will be resolved by the District Court, it is possible that discovery may shed more light on the issue. Thus, the Court concludes defendant has not met its burden under *Pacific Lumber* to show no further discovery is necessary to resolve the underlying arbitration motion, and it would not be a proper exercise of the Court's discretion to stay the case.

Even if defendant had met the burden of going forward under the *Pacific Lumber* test, the Court would still have an independent basis to deny the request for a stay based on the totality of the circumstances after balancing the convenience of a stay against the risk of unfair prejudice to the party opposing a discovery stay. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013). Unlike

cases where a motion to compel arbitration is filed during the initial stage of the case, defendant herein waited many months before moving to compel arbitration. Plaintiff filed the action on January 17, 2023. *See* Doc. No. 1. Defendant filed an answer rather than moving to compel arbitration. *See* Doc. No. 4. The parties held their Rule 26(f) conference (thus opening discovery) on or around March 2, 2023, and they attended an Early Neutral Evaluation Conference and Case Management Conference on March 23, 2023. *See* Doc. Nos. 6, 9-11. A scheduling order was thereafter issued on March 23, 2023, setting a discovery cut-off date of October 23, 2023. Both parties then exchanged written discovery. *See* Doc. Nos. 25 at 5-6; 27 at 12; 31 at 6. Yet defendant did not assert any right to arbitrate the case until August 4, 2023, after responding (and objecting) to discovery and propounding discovery of its own. *See* Doc. Nos. 18; 27 at 12.

If defendant had moved to compel arbitration instead of filing an answer, discovery never would have opened because the Court would not have ordered the parties to hold a Rule 26(f) conference or held a Case Management Conference. Thus, the matter of compelling arbitration could have been resolved before discovery even commenced in this action. Instead, defendant let the case progress, thus consuming plaintiff's resources (and the Court's resources). Plaintiff has been required to litigate this matter in federal court rather than in arbitration and has spent time and resources preparing the case for trial and filing pre-trial motions, efforts which may have been entirely unnecessary. Accordingly, the Court concludes the potential for unfair prejudice to plaintiff outweighs the convenience of a stay here, and thus exercises its discretion to deny the stay request, even if defendant had met the two-prong test announced in *Pacific Lumber*.

At bottom, defendant carries the "heavy" burden of demonstrating discovery should be stayed. *See Georgiou Fam. Trust*, 2022 U.S. Dist. LEXIS 11178, at *14. Defendant has failed to carry the burden of establishing that its Motion to Compel can be resolved without any further discovery. Even if it had done so, the Court would still have discretion to deny the request for a stay, and, as the Court has noted, the balance of equities tips against staying discovery. The request to stay discovery is accordingly **DENIED**.

**IT IS SO ORDERED**

Dated: September 12, 2023

Hon. Karen S. Crawford
United States Magistrate Judge